IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GEORGE EDWARD FROSCH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-231 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DENIED PETITION FOR WRIT OF HABEAS CORPUS

Petitioner GEORGE EDWARD FROSCH has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 181st District Court of Randall County, Texas for theft and the resulting four-year sentence. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### PETITIONER'S ALLEGATIONS

Petitioner contends respondent is holding him in violation of the Constitution and laws of the United States for the following reasons:

1. The indictment was invalid because it contained two enhancement paragraphs which caused his misdemeanor violation to become a third-degree felony.

2. Petitioner's offense of misdemeanor theft of property less than $1,500.00 in value was enhanced beyond a state jail felony.
3. Petitioner received ineffective assistance of counsel because his trial attorney

placed him under duress by telling petitioner if he did not enter into the plea agreement he would be more likely to receive the maximum sentence.

## II.
## THE STATUTE OF LIMITATIONS IN FEDERAL HABEAS CORPUS PROCEEDINGS

A habeas corpus petitioner must establish the conviction he challenges in federal habeas corpus has been final for no longer than one year. 28 U.S.C. § 2244(d)(1)(A). A state conviction becomes final under this statute when there is no more "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). In a case, such as the one at bar, where the defendant pleads guilty and does not directly appeal the judgment, the conviction is final for federal habeas corpus purposes thirty days after the defendant is sentenced. *Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2012).

### *A. The Starting Point in Petitioner's Case*

In this case, petitioner indicates he was convicted in June 2010. The Online Offender Information Details Database maintained by the Texas Department of Criminal Justice indicates petitioner was actually sentenced for the theft offense on May 26, 2010.[1] Thirty days after that date, and the point at which petitioner's conviction became final for federal habeas corpus purposes, was June 25, 2010. *See id.* Without any tolling, petitioner's federal habeas corpus petition was due by June 25, 2011.

---

[1] Giving petitioner the benefit of his "June 2010" sentence date, and assuming he was sentenced on the last day of June 2010 does not change the outcome of the Court's determination. Even if petitioner was sentenced June 30, 2010, he would remain time barred for federal habeas corpus purposes.

*B. Tolling*

Petitioner indicates that on July 26, 2010, he filed his first state habeas corpus application. *See In re Frosch*, WR-74,576-01. Petitioner further represents the Texas Court of Criminal Appeals denied that application on September 8, 2010. Petitioner then filed his second state habeas corpus application on December 16, 2010. *In re Frosch*, WR-74,576-02. That application was dismissed as successive on February 16, 2011. *Id.* On May 2, 2011, petitioner filed a third state habeas corpus application. *In re Frosch*, WR-74,576-03. For reasons unknown to this Court, that application was not again dismissed as successive but was rather denied without written order on June 22, 2011. *See id.* Petitioner's fourth state habeas corpus application remains pending.

A properly filed state habeas corpus application will toll the one-year federal habeas corpus deadline. 28 U.S.C. § 2244(d)(2). Even successive state habeas corpus applications may be considered properly filed within the meaning of section 2244(d)(2). *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999).

The forty-four day period of time during which petitioner's first state habeas corpus application was pending tolled the federal time limitations period for habeas corpus relief. *See* 28 U.S.C. § 2254(d)(2). At that point in time, without further tolling, petitioner's federal habeas corpus petition was due by August 8, 2011. There was, however, additional tolling. The second application tolled the limitations period for another sixty-two days, extending the deadline to October 9, 2011. The third state application extended that deadline for yet another fifty-one days to November 29, 2011. Giving petitioner every benefit of consideration, petitioner's federal habeas corpus petition was due by November 29, 2011. Petitioner's fourth state habeas corpus application, filed on October 16, 2012, did not toll the federal habeas corpus deadline because it was filed after the

federal deadline had already passed. *See* 28 U.S.C. § 2244(d)(2).

The instant federal habeas corpus petition was not filed until October 29, 2012, which was eleven months after the deadline had expired. Consequently, it is statutorily time barred.

The Court has considered alternative scenarios in which the petition could be considered timely filed. If there were a different date on which the federal habeas corpus clock started, such as one of the circumstances presented in section 2244(d)(1)(B) through (D), then the petition may not be time barred. Based on the facts presented to the Court, however, it appears section 2244(d)(1)(A) is the most appropriate section under which to analyze this case. Under that section, as recited above, the petition is time barred.

Also, in limited circumstances, the Court is able to altogether avoid the mandates of section 2244(d) by equitably tolling the one-year time period. *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling is only appropriate in "rare and exceptional" circumstances. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Petitioner indicates he failed to timely file the federal habeas corpus petition because he was unaware of the one-year deadline and did not know he needed to request information regarding the limitations period from the law library at his unit of incarceration. Neither proceeding pro se, having limited access to a law library, nor lacking knowledge of filing deadlines can serve as a basis for equitable tolling as they are not a "rare and exceptional" circumstance of prison life. *Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). A pro se prisoner's ignorance of the law of habeas corpus is likewise insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Consequelty, petitioner has failed to provide any grounds upon which the Court could equitably toll the one-year deadline. The petition is time barred. *See* 28 U.S.C. § 2244(d)(1)(A).

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GEORGE EDWARD FROSCH be DENIED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of January 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).